In re W.J. SERVICES, INC., Debtor.

Wood and Mary JONES, Appellants,

v.

Lowell T. CAGE, et al., Appellees.

In re Wood and Mary JONES, Debtors.

Wood and Mary JONES, Appellants,

v.

Leonard SIMON, et al., Appellees.

Civ. A. Nos. H–90–552, H–90–1326.

United States District Court,
S.D. Texas,
Houston Division.

June 10, 1991.

Richard L. Fugua, Houston, Tex., for Wood F. Jones and Mary Jones.

## ORDER

HITTNER, District Judge.

This consolidated appeal is taken from orders in two bankruptcy proceedings that approved the settlement of a lawsuit pending in federal district court. Judge William Greendyke entered the orders in bankruptcy proceedings styled *In re W.J. Services, Inc.*, Bankruptcy No. 86–07048–H4–7, and *In re Wood F. and Mary Jones*, Bankruptcy No. 86–08288–H1–11.

In 1986, appellants Wood and Mary Jones ("the Joneses") filed suit under 42 U.S.C. § 1983 against Commercial State Bank of El Campo ("Commercial State"), among others, for wrongful sequestration and for other Texas state-law remedies. The Joneses complained of the alleged wrongful execution by a Wharton County deputy sheriff, at the direction of Commercial State, on the property of W.J. Services, Inc. ("W.J. Services"). The Joneses are W.J. Services' lone equity security holders. Later in 1986, the Joneses instituted chapter 11 bankruptcy proceedings individually and on behalf of W.J. Services. The proceeding involving W.J. Services as debtor was later converted to a chapter 7 case.

At some point following the bankruptcy filings, the defendants in the district court action reached a tentative settlement with the trustees in the two bankruptcy proceedings. After having held a consolidated hearing on motions to approve the settlement, Judge Greendyke approved the settlement by orders signed January 8, 1990 in Bankruptcy No. 86–07048–H4–7 and March 17, 1990 in Bankruptcy No. 86–09288–H1–11. Under the terms of the settlement, the defendants were to pay an approximate total of $285,000.00 to the bankruptcy estates.

■ This Court may review the bankruptcy court's decision to approve the settlement only for an abuse of discretion. Bankr.R. 9019(a); *see, e.g., In re Emerald Oil Co.*, 807 F.2d 1234, 1239 (5th Cir.1987); *In re AWECO, Inc.*, 725 F.2d 293, 297 (5th Cir.), *cert. denied*, 469 U.S. 880, 105 S.Ct. 244, 83 L.Ed.2d 182 (1984); *In re Jackson Brewing Co.*, 624 F.2d 599, 602–03 (5th Cir.1980). This Court cannot ascertain any abuse of discretion in Judge Greendyke's approval of the settlement.

■ In deciding whether to approve a settlement, a bankruptcy court is to consider the following factors:

(1) The probability of success in the litigation, with due consideration for the uncertainty in fact and law,

(2) The complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and

(3) All other factors bearing on the wisdom of the compromise.

*In re Jackson Brewing Co.*, 624 F.2d at 602 (citing *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968)).

■ Judge Greendyke held a hearing over two days with regard to these factors. The bankruptcy court determined that with regard to the first *TMT Trailer* factor, as set out in *In re Jackson Brewing Co.*, the debtors would have had difficulty linking the failure of W.J. Services with the alleged wrongful actions of the defendants in the district court litigation. Transcript of December 13, 1989 Hearing at 71 [hereinafter Transcript 2]. Judge Greendyke concluded that the debtors thus might well have failed to prove the damages in the amounts they sought. The court based this conclusion on evidence presented by an economist that W.J. Services would have had to file bankruptcy proceedings regardless of the defendants' actions and on evidence of W.J. Services' declining revenues as presented by a certified public accountant. *See* Transcript of November 2, 1989 Hearing at 60, 66 [hereinafter Transcript 1].

The bankruptcy court found under the second *TMT Trailer* factor, as set out in *In re Jackson Brewing Co.*, that the case in district court would involve a trial of two weeks' duration and that the case was complex. Judge Greendyke based these findings on the testimony of one of the attorneys who worked on the district court case as to the number of contested issues of fact involved. *See* Transcript 1, at 72. The bankruptcy court also considered the delay in resolving the district court suit that would result from difficulty the parties would likely encounter in attempting to obtain a two-week civil trial setting in federal district court in the Southern District of Texas.

In considering the third *TMT Trailer* factor as set out in *In re Jackson Brewing Co.*, the bankruptcy court properly took into account that with the cash infusion from the settlement, creditors of the bankruptcy estates would receive a one hundred percent payout. Judge Greendyke undoubtedly was acting within his discretion in finding the interests of W.J. Services' creditors paramount to those of the Joneses in W.J. Services' chapter 7 liquidation. The central purpose of any chapter 7 liquidation is to maximize payout to creditors. *See Burlingham v. Crouse*, 228 U.S. 459, 473, 33 S.Ct. 564, 568, 57 L.Ed. 920 (1913). Furthermore, even with regard to the Joneses' chapter 11 reorganization, "the interests of the creditors not the debtors are paramount." *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1159 (5th Cir.), *cert. denied*, 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988). Indeed, although the *In re Jackson Brewing Co.* case does not explicitly set out "the paramount interests of creditors" as a factor within *TMT Trailer*, decisions in other circuits have done so. *See, e.g., In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990); *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir.), *cert. denied*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed.2d 122 (1986).

For these reasons, the Court will not disturb Judge Greendyke's weighing of the competing considerations under the third

prong of the *TMT Trailer* test as set out in *In re Jackson Brewing Co.* The settlement's purported effect of allowing a one hundred percent payout to the creditors of each bankruptcy estate only serves to bolster the bankruptcy court's "informed and independent judgment" that the compromise is "fair and equitable" and in the best interests of the estate. *TMT Trailer*, 390 U.S. at 424, 88 S.Ct. at 1163; *see In re Jackson Brewing Co.*, 624 F.2d at 603; *see also In re American Reserve Corp.*, 841 F.2d 159, 162–63 (7th Cir.1987); *cf. In re Emerald Oil Co.*, 807 F.2d at 1239 (disturbing bankruptcy court's exercise of discretion to approve settlement only upon finding that creditors were to receive one-third of potential recovery after trial).

Based on the foregoing, the Court

AFFIRMS the bankruptcy court orders signed January 8, 1990, in Bankruptcy No. 86–07048–H4–7, and March 17, 1990, in Bankruptcy No. 86–08288–H1–11, that approved a compromise of the federal district court litigation at issue.

This order terminates these consolidated appeals.